Curia, per Wardlaw, J.
-The goods were damaged in the course of their transportation. To exempt himself from liability, the carrier must show that the damage proceeded from some cause which was within the exceptions to his general liability. From what cause did it proceed ? If from the dripping of the salt, (as four of the five port wardens believed,) this was a result of bad stowage, and the carrier is answerable for it. If from dampness generated in the hold by the ordinary operation of natural causes, the carrier is answerable for that too, because by skill and care it might have been prevented. If from water admitted by the vessel in her straining during the voyage, then the carrier is not answerable, if this was unavoidably occasioned by storm or stress of weather, but is answerable if it ensued without such unavoidable cause. Stress oC weather, as almost every other fact, may be proved by circumstantial evidence sufficiently strong; but when there has been neither evidence as to the condition of the vessel when she sailed, nor evidence as to any storm encountered, seams and bolts found open at the port of delivery, raise a presumption that the vessel was un-seaworthy when she sailed, rather than that she encountered a storm in her voyage. Even where a violent storm has been encountered, if it cannot be fairly inferred that the damage resulted from the storm, a ship that has turned out to be unfit for sea, without apparent or adequate cause, ought tobe presumed by a jury to have been unseaworthy before the commencement of the voyage. This presumption, that the nnseaworthyness which has been developed, without adequate cause shown, existed at the commencement of a voyage, which has been carelessly called a rule of law, is one of those presumptions of fact which are recognized by the law and recommended to juries as settled conclusions that have acquired an artificial force even beyond their natural influence to produce belief. This presumption ought to have been brought to the view of the jury when their attention was turned to the inferences that might be drawn from the condition of the vessel when her cargo was discharged. In neglect of this presumption the jury have relieved a common carrier from the burden, which lies on even an ordinary bai-lee, of showing how the damage was done.
The motion for new trial is granted.
Richardson, O’Neall, Evans and Frost, JJ. concurred.

Motion granted.